IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

MAR 17 2016

CLERK. US DISTRICT COURT
NORFOLK. VA

RICHETTA BROWN
1934 Candlelight Drive
Chesapeake, VA  23324

MAYA HALL
63 Carver Circle
Portsmouth, VA  23701

TONYA MCCLARTY
705 Hayes Avenue
Virginia Beach, VA  23452

  Plaintiffs,

v.

XEROX CORPORATION,
 a New York Corporation,

   Serve:  Corporation Service Company
     Bank of America Center, 16th Floor
     1111 East Main Street
     Richmond, VA  23219

and

XEROX HR SOLUTIONS, LLC,
 a New York Corporation,

   Serve:  General Manager
     or Presiding Officer
     485 Lexington Avenue, 10th Floor
     New York, New York 10017-2630

and

CASE NO.:  2:16 cv 123

JURY TRIAL DEMANDED

**Affiliated Computer Services, Inc.,**
   **a Delaware Corporation,**

   Serve:  **Corporation Service Company**
            **Bank of America Center, 16th Floor**
            **1111 East Main Street**
            **Richmond, VA  23219**


   **Defendants.**

## COMPLAINT

The Plaintiffs, Richetta Brown, Maya Hall and Tonya McClarty (hereinafter "Plaintiffs"), by counsel, state as follows for their Complaint against the Defendants, Xerox Corporation ("Xerox"), Xerox HR Solutions, LLC ("Xerox HR Solutions") and Affiliated Computer Services, Inc. ("ACS"), (collectively "Defendants").  This action is brought on behalf of the named individuals only.  Plaintiffs do not seek to assert claims on behalf of others similarly situated nor do they seek collective action status.

### NATURE OF THE CASE

1.      This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, et seq., which provides that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours in a workweek.

2.      Plaintiffs seek declaratory relief, injunctive relief and relief for unpaid overtime compensation and liquidated damages as well as all costs and attorney's fees.

3.      The Defendants suffered or permitted the Plaintiffs to work hours in excess of 40 hours in their seven day work periods, without receiving overtime compensation, in violation of the FLSA.

## PARTIES

4.      Defendant, Xerox is a New York corporation and is a leading global enterprise for business process and document management providing services to clients in more than 160 countries and employing over 130,000 people.  Xerox is the parent company of Xerox HR Solutions and ACS.  At all times relevant hereto, Defendant, Xerox was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

5.      Defendant, Xerox HR Solutions is a New York corporation and a subsidiary of Xerox.  Xerox HR Solutions offers "human resource (HR) services, including employee empowerment, employee satisfaction, performance management, labor management, motivation, reward and recognition, work-force diversity, HR consulting, outsourcing, and administrative services to support clients HR administration and employee benefit plan administration." http://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapid=13668516.  At all times relevant hereto, Defendant, Xerox HR Solutions was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

6.      Defendant, ACS is a Delaware corporation and a subsidiary of Xerox.  ACS provides diversified business process outsourcing and information technology services and solutions to commercial and government clients worldwide.    https://www.acs-education.com/CS/Jsp/edu/index.jsp.  At all times relevant hereto, Defendant, ACS was, and remains, an "employer" as that term is defined by 29 U.S.C. §§203(d).

7.      The policies, practices and events complained of herein occurred as a result of management and operational practices common to, and directed by, all Defendants.  At all times relevant hereto, Defendants were "employers" within the meaning of 29 U.S.C. §207(a)(1) and were the Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

3

8.    The Plaintiff, Richetta Brown, is a resident and citizen of the Commonwealth of Virginia and the United States.   She maintains her principal residence at 1934 Candlelight Drive, Chesapeake, Virginia 23324.  During the relevant time period, the Plaintiff was employed as a customer care assistant at Xerox HR Solutions.

9.    The Plaintiff, Maya Hall, is a resident and citizen of the Commonwealth of Virginia and the United States.  She maintains her principal residence at 63 Carver Circle, Portsmouth, Virginia 23701.  During the relevant time period, the Plaintiff was employed as a customer care assistant at Xerox HR Solutions.

10.    The Plaintiff, Tonya McClarty, is a resident and citizen of the Commonwealth of Virginia and the United States.  She maintains her principal residence at 705 Hayes Avenue, Virginia Beach, Virginia 23452.  During the relevant time period, the Plaintiff was employed as a customer care assistant at Xerox HR Solutions.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, 2202.

12.    Venue is proper in this judicial district under 28 U.S.C. §1391(b).

13.    Defendants are subject to personal jurisdiction within the Commonwealth of Virginia and conduct significant operations within the Norfolk Division of the United States District Court for the Eastern District of Virginia.  Defendants maintain a place of business at 1434 Crossways Blvd., Chesapeake, Virginia 23320.  Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## GENERAL FACTUAL ALLEGATIONS

14.    The Defendants have employed, and continue to employ, Plaintiffs as customer care assistants.  Plaintiffs' duties have consisted of, and continue to consist of, the performance of enrolling various client employees in health and pension benefit plans, answering questions relative to the employees' health and benefit plans and the like.

15.    The Plaintiffs were and continue to be non-exempt under the FLSA and paid hourly at all times relevant to this matter.  Accordingly, they were entitled to overtime premium pay for all hours worked over 40 in a 7 day period.  The Plaintiffs worked regularly scheduled work hours which recurred week after week.  The Plaintiffs were regularly scheduled to work 40 hours or more per week.  In addition, Plaintiffs have been and continue to be frequently assigned extra duties and non-recurring types of work assignments and had work obligations that caused them to regularly work more than 40 hours in a 7 day work period.

16.    29 U.S.C. §207(a)(1) mandates that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless the employer pays the employee overtime compensation at the rate of not less than one and one-half times the regular hourly rate at which the employee is employed. This statute requires employers, including the Defendants, to pay their employees, including customer care assistants, at one and one-half times their regular hourly rate of pay for all hours worked above and beyond forty (40) hours in a workweek.

17.    Defendants routinely failed to pay Plaintiffs overtime compensation at one and one-half times their regular hourly rate of pay for all hours worked over forty (40) hours for seven (7) days in violation of the FLSA.

18.    In addition to recorded work time that was not compensated in accordance with the FLSA, the Defendants have regularly failed to pay and/or deducted significant increments of

time from the Plaintiffs' hours worked resulting in Plaintiffs not being paid overtime compensation for all time worked. The following are examples of unlawful and improper deductions from overtime worked and improper calculations that violate the FLSA and resulted in Plaintiffs not receiving overtime compensation to which they were entitled:

  a.    the failure to record and compensate Plaintiffs for time spent logging into/out of Defendants' computer systems; and

  b.    the failure to record and compensate Plaintiffs for time spent working during lunch breaks for which they were not paid.

19.    Defendants failed to pay and record the time described in the preceding paragraph and, as a result, Plaintiffs were denied overtime to which they were entitled under the FLSA.

20.    Plaintiffs have regularly worked other time for which they have not received overtime compensation in violation of the FLSA.

21.    Defendants continue to deny Plaintiffs overtime compensation to which they are entitled.

22.    Plaintiffs worked, and were and are expected to work, hours in excess of their regularly scheduled forty (40) hours in a workweek for which Defendants have failed and refused to pay overtime compensation in violation of the FLSA.

23.    The precise amount of compensation due each and every Plaintiff is unknown because the information required (i.e., time records, pay records, etc.) are within the exclusive control of the Defendants.

24.    Defendants' supervisors and/or managers actually observed or had actual knowledge that the Plaintiffs worked substantial uncompensated overtime on a routine basis.

25.     Defendants knew or showed reckless disregard for the fact that their pay policies violated the FLSA and they committed the aforesaid violations willfully, recklessly and in bad faith.  Plaintiffs assert that Defendants' willful disregard of the overtime laws asserted herein entitles the Plaintiffs and similarly situated employees to the benefit of the three year limitations period.

26.     Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees.  Upon information and belief, Defendants failed to maintain accurate time records of the time Plaintiffs expended efforts on the Defendants' behalf.  Moreover, upon information and belief, the Defendants inaccurately recorded, reported and inaccurately paid Plaintiffs for numerous work periods.

27.     Defendants have shown a reckless disregard for the FLSA's overtime requirements through the manner in which they have paid and otherwise treated the Plaintiffs.  Although Defendants had an obligation to make proper inquiry into their FLSA compliance obligations, they failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

28.     Defendants have not acted in good faith with respect to their failure to pay overtime compensation.  Defendants had no legitimate or good faith reason to believe their actions and omissions were in compliance with the FLSA thus entitling Plaintiffs to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation owed them.

## COUNT I

### *Violation of the Fair Labor Standards Act*

29.     All allegations set forth in this Complaint are incorporated into this Count by this reference.

30.     The FLSA requires covered employers such as the Defendants to compensate workers such as the Plaintiffs at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a 7 day work period.  The Defendants failed to compensate the Plaintiffs in a manner that complied with the FLSA and denied them substantial overtime compensation to which they were entitled.

31.     The Plaintiffs have performed work which qualifies for payment of overtime pay under the FLSA, but for which the Plaintiffs have not been paid.

32.     As a direct, actual and proximate result of the Defendants' actions, each of the Plaintiffs have suffered significant economic loss.

**WHEREFORE**, the Plaintiffs, Richetta Brown, Maya Hall and Tonya McClarty, respectfully move this Court to enter judgment in their favor and award each of them the following relief:

1)     Full payment of all overtime compensation due to them for all hours worked during the three years preceding the filing of this Complaint;

2)     An award of an equal and additional amount as liquidated damages;

3)     An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

4)     An award of all Plaintiffs' costs and reasonable attorneys' fees;

8

5)      Interest at the applicable legal rate accruing from each week compensation was not paid; and

6)      All such other relief as the Court deems appropriate and just under the circumstances.

## TRIAL BY JURY DEMANDED

The Plaintiffs request a jury trial on all issues raised in this Complaint.

Respectfully submitted,

RICHETTA BROWN, et al

By: _____
                          Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Andrew J. Dean, VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
jshoemaker@pwhd.com
jmessersmith@pwhd.com
adean@pwhd.com

Cindra Dowd, VSB No. 33819
Richard J. Serpe, VSB No. 33340
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com

Dated: March 14, 2016

9